[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR DEFAULT
CT Page 8312
In this personal injury action against the owners and operators of a Motel arising from Plaintiff's fall from a balcony in March 1991 and alleging Defendants' negligent maintenance of the balcony railing, Plaintiff seeks to default Defendants for failing to preserve the alleged railing and make it available for inspection by the Plaintiff. Defendants object to the motion claiming that after the accident the companies managing the motel were changed several times; that the specific railing was retained until the summer of 1993. When a new management company took over operation of the motel and when the pool room where the railing was kept was renovated, the railing was inadvertently discarded.
Plaintiff had moved for inspection on June 28, 1993; on July 27, 1993 Defendants' counsel confirmed that the railing was available for inspection and it was only on the date set for inspection August 10, 1993 — that Defendants' counsel advised Plaintiff's counsel that the railing had been discarded.
Defendants claim that the railing was never inspected by any expert on their behalf, and that they have photographs of the railing which they have offered to the Plaintiff, as well as railings identical to the actual railing involved in the accident.
Plaintiff's motion, if granted, would in effect amount to a finding of negligence against the Defendants. Unless the Defendants acted in bad faith, this is too drastic a remedy given all the circumstances.
Pursuant to the authority of Practice Book § 231 and the general authority of this court the following orders are made:
1. Defendants are precluded from presenting any expert testimony based on actual inspection of the discarded railing.
2. All photographs of the railing and a duplicate railing, together with a set of duplicate fasteners will be made available for inspection by Plaintiff without CT Page 8313 cost.
3. At trial, the full circumstances leading to the request to examine and the discarding of the railing shall be made to the Jury and an instruction given to the effect that the Jury may infer that the discarded railing if available at the trial would have been helpful to the Plaintiff's case, subject, of course, to the discretion of the trial judge.
4. Plaintiff is awarded $350 attorney's fees in connection with this motion.
In view of the above orders, plaintiff's motion for default is denied.
Wagner, J.